**Marcos FLOREZ, aka Romulo Hidalgo Flores, aka Cesar Marcos Flores, aka Garcia Francisco, Petitioner,**

v.

**John MARSHALL, Respondent.**

**Case No. CV 09–1175–RGK(RC).**

United States District Court,
C.D. California.

Dec. 2, 2009.

---

Marcos Florez, San Luis Obispo, CA, pro se.

Tannaz Kouhpainezhad, Attorney General Office, Los Angeles, CA, for Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

R. GARY KLAUSNER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition and dismissing the action with prejudice.

This Court finds an appeal would not be taken in good faith, and petitioner has not made a substantial showing that he has been denied a constitutional right for the reasons set forth in the Report and Recommendation. Accordingly, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R.App. P. 22(b). *Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *Mayfield v. Calderon,* 229 F.3d 895, 900 (9th Cir.2000).

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

### REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On June 12, 2006, in Los Angeles County Superior Court case no. BA294725, a jury convicted petitioner Marcos Florez, aka Romulo Hidalgo Flores, aka Cesar Marcos Flores, aka Garcia Francisco, of one count of sales/transportation/offer to sell a controlled substance (heroin) in violation of California Health & Safety Code ("H.S.C.") § 11352(a) (count 1) and one count of possession for sale of a controlled substance (heroin) in violation of H.S.C. § 11351 (count 2), and, as to both counts, the jury found the substance exceeded one kilogram by weight within the meaning of H.S.C. § 11370.4(a)(1), Clerk's Transcript ("CT") 118–21, and, in a bifurcated proceeding, the trial court found petitioner had suffered two prior felony convictions. Reporter's Transcript ("RT") 2713:2–8, 2714:20–2715:4. On January 19, 2007, the trial court sentenced petitioner to the total term of ten years in state prison. CT 221–25; RT 2714:5–2716:24.

The petitioner appealed his convictions and sentence to the California Court of Appeal, CT 226, which affirmed the judgment in an unreported opinion filed October 22, 2008. Lodgment nos. 4–7. On December 1, 2008, petitioner filed a peti-

tion for review in the California Supreme Court, which denied review on January 14, 2009. Lodgment nos. 8–9.

## II

On February 18, 2009, petitioner, proceeding pro.se, filed a habeas corpus petition under 28 U.S.C. § 2254, raising the sole claim that he was denied his right to self-representation. Petition at 5. On July 21, 2009, respondent filed an answer to the petition; however, petitioner did not file a reply.

## DISCUSSION

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribes a federal habeas court's review of a state court decision." *Lockyer v. Andrade,* 538 U.S. 63, 70, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003). As amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

■ The California Supreme Court reached the merits of petitioner's claim when it denied his petition for review without comment or citation to authority. *Gaston v. Palmer,* 417 F.3d 1030, 1038 (9th Cir.2005), *amended by,* 447 F.3d 1165 (9th Cir.2006), *cert. denied,* 549 U.S. 1134, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007); *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *Medley v. Runnels,* 506 F.3d 857, 862 (9th Cir.2007) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 1878, 170 L.Ed.2d 754 (2008). Thus, in addressing petitioner's claim, this Court will consider the reasoned opinion of the California Court of Appeal, which rejected petitioner's claim on the merits. *Smith v. Curry,* 580 F.3d 1071, 1079 (9th Cir.2009); *Vasquez v. Kirkland,* 572 F.3d 1029, 1035 (9th Cir.2009).

## IV

■ "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 154, 120 S.Ct. 684, 687, 145 L.Ed.2d 597 (2000). These amendments also guarantee a criminal defendant's right to waive counsel and to represent himself at trial. *Indiana v. Edwards,* —— U.S. ——, 128 S.Ct. 2379, 2383, 171 L.Ed.2d 345

(2008); *Faretta v. California*, 422 U.S. 806, 832, 95 S.Ct. 2525, 2539–40, 45 L.Ed.2d 562 (1975). To be effective, a criminal defendant's request to represent himself must be competently and intelligently made, and the trial court "must satisfy itself that the waiver of [the defendant's] constitutional right [to counsel] is knowing and voluntary." [1] *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Tovar*, 541 U.S. at 88, 124 S.Ct. at 1387; *Godinez v. Moran*, 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993). Moreover, a request for self-representation must be unequivocal, timely, and not a tactic to secure delay. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007), *cert. denied*, —— U.S. ——, 129 S.Ct. 247, 172 L.Ed.2d 188 (2008).

■ The petitioner claims his constitutional rights were violated when the trial court ignored his timely request to represent himself. Petition at 5. The California Court of Appeal, in affirming petitioner's conviction and sentence, made the following factual findings underlying petitioner's claim:

> [Petitioner] was initially represented by appointed counsel. He was represented by retained counsel during most of the pretrial proceedings and during the jury trial. The jury returned its verdicts on June 12, 2006. The case came on for trial of the prior conviction allegations and sentencing on July 7, 2006. At that time, [petitioner's] retained counsel informed the court that [petitioner] was dissatisfied with his services, that he had questions about evidentiary issues and the verdicts, and that he wanted to terminate the attorney's representation.

Responding to the court's question as to what [petitioner] wanted to do, counsel suggested that it was necessary to inquire of [petitioner] who, of course, was present in court. Responding to the court's question ("[W]hat's your desire in this case?") [petitioner] complained that his retained attorney had done almost nothing to defend the case, and that [petitioner] wanted "an attorney, a state attorney" to review the case. He also complained that he was not allowed to testify. His attorney stated that he had made it clear to [petitioner] that it was [petitioner's] right to testify even if counsel did not think it was in his best interest to do so. [¶] The court then asked [petitioner], "So what [you] want me to do is get you an appointed attorney. Is that right?" [Petitioner] answered, "Yes, please." [Petitioner] waived time for sentencing and the court put the matter over until July 28, 2006.[¶] By that date, the public defender had commenced representation of [petitioner]. The deputy public defender standing in for the assigned attorney explained that a substantial continuance would be necessary for preparation of a transcript of proceedings that new counsel could review in order to represent [petitioner] at the further proceedings. [Petitioner] again waived time for sentencing. The matter was put over until September 27, 2006. It was subsequently continued several times until a hearing on January 16, 2007.[¶] The matter was before the court on that date to select a date for trial of the prior conviction allegations and for sentencing. On that occasion, [petitioner] asked to talk

---

1. A waiver of counsel will be considered knowing and voluntary if the defendant is made aware of the nature of the charges against him, the possible penalties, and "the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541; *Edwards*, 128 S.Ct. at 2391. "Warnings of the pitfalls of proceeding to trial without counsel ... must be 'rigorous[ly]' conveyed." *Iowa v. Tovar*, 541 U.S. 77, 89, 124 S.Ct. 1379, 1388, 158 L.Ed.2d 209 (2004).

to the judge, who said that she would listen to whatever he wanted to say on January 24, 2007, the time for sentencing. Apparently [petitioner] had written a note, which the judge said she would read by that date. Later in the proceeding, the date of further proceedings was advanced to Friday of that week, January 19, 2007. The following colloquy then occurred:

"MS. GUPTA [Deputy Public Defender]: I will come on Friday.

"THE COURT: We start doing two calendars on the 19th. It's absolutely the same if you want to come on Friday, that's fine.

"MS. VODNOY [Deputy District Attorney]: Thank you.

"THE COURT: All right. So sentencing 1–19–07. That's this Friday. Thank you.

"[PETITIONER]: I don't want her to represent me anymore.

"THE COURT: Well, [petitioner] had a private attorney; right?

"MS. GUPTA: Yes.

"THE COURT: Then after trial, something happened. I don't know what, but that private attorney wasn't representing you anymore because you took issue with what he did in the trial, as I recall. So now we have the office of the public defender representing you.

"[PETITIONER]: So you see, it's not a state appointed attorney.

"THE COURT: Yes, she is. Actually, she is.

"[PETITIONER]: No.

"THE COURT: Well, she is.

"[PETITIONER]: It says public defender.

"THE COURT: That's right. And she is a state appointed attorney.

"[PETITIONER]: **Well I don't need her.**

"THE COURT: Well, you know what? **If you want to represent yourself,** **you're going to have to make that motion on Friday.** And we'll deal with it then. I strongly think you should think about that. So you've been tried. You were convicted by a jury. I didn't convict you. She didn't convict you, but a jury convicted you. So that's what [*sic*] we're at in this case.

"[PETITIONER]: I understand.

"THE COURT: Okay. All right. We'll see you on Friday." [¶] At the January 19 hearing, the court announced that it had read [petitioner's] letter, which was made a part of the record. In it, he said: "Your Honor, [¶] I am making a motion to set aside the conviction based on the total lack of evidence against me. My trial conviction has been erroneous. I no longer need this public defender, there's a conflict of interest. I want a state attorney, or I want to defend myself. The only evidence found against me is based on false testimony (fabrication). I have asked for my manuscript a number of times and have not gotten them. There was no substantial evidence against me, and further more, I don't feel I received a fair trial in this courtroom. On that note, I would like a new trial at a different venue. My conviction is not fair to the justice system. [¶] Your Honor, please honor my request, because I am truly innocent. [¶] Thank you. [¶] Marcos Florez." [¶] [Petitioner] waived jury trial with respect to the prior conviction allegations, which were tried to the court. The court found the allegations to be true. The court then pronounced sentence.

Lodgment no. 7 at 2–5 (emphasis added); *see also* RT 2101:17–2110:12; Augmented Reporter's Transcript ("ART") 2:23–6:23. The California Court of Appeal then denied petitioner's *Faretta* claim, holding:

[Petitioner] argues that his letter to the court and his oral statements to the

court amounted to a request to represent himself at sentencing, which the trial court erroneously failed to honor. The Attorney General argues that [petitioner] failed to make an unequivocal request for self-representation, that his request came too late, and that the court properly exercised its discretion in declining to honor the late request. The first argument has merit, making it unnecessary to decide the others. [¶] There is little authority on the right and requirements for exercise of the right to self-representation at sentencing following a trial at which the [petitioner] was represented by counsel. As [petitioner] argues, *People v. Miller* (2007) 153 Cal. App.4th 1015 [62 Cal.Rptr.3d 900], is directly on point. The case holds that the defendant in a criminal case has a right to self-representation in this situation, and his or her request is not late simply because it was not made during the guilt trial. The court also concludes that improper denial of the request is per se reversible error. (*Id.* at p. 1024 [62 Cal.Rptr.3d 900].) But the only case cited for that proposition, *People v. Welch* (1999) 20 Cal.4th 701, 729 [85 Cal.Rptr.2d 203, 976 P.2d 754], involved improper denial of a pretrial request to self-represent. We need not decide whether error in this situation is per se reversible, because we find no error. [¶] As both sides recognize, a defendant's request or motion to represent himself or herself must be unequivocal. As we have seen, when [petitioner] expressed dissatisfaction with his retained attorney, the court asked if he wanted it to appoint counsel, [petitioner] said that he did, and that was done. Later, when the court recounted those proceedings, [petitioner] said that appointed counsel, the public defender, was "not a state appointed attorney," and the court correctly pointed out that she was. Replying to the Attorney General's argument

that his requests were equivocal, [petitioner's] appellate counsel quoted [petitioner's] letter to the court, as follows: "I want a state attorney or I want to defend myself," which emphasizes the portion of the sentencing following the disjunctive "or." But the "or" is telling: [petitioner] wanted a state attorney "or" if not, he wanted to defend himself. As the trial court pointed out, the public defender is a "state attorney." [Petitioner's] later statement that he did not want the public defender and did not need her again falls short of an unequivocal request, or demand, that the court relieve that officer and allow [petitioner] to proceed pro se. The trial court had told him that if he wanted to represent himself, he needed to make that motion at the sentencing hearing. He did not do so. Instead, he was represented at the hearing by the deputy public defender, who cross-examined the People's fingerprint expert on the prior conviction issue, and then at sentencing, with no motion or protest by [petitioner]. [¶] On this record, we conclude that [petitioner] did not make an unequivocal request or motion to represent himself at sentencing.

Lodgment no. 7 at 5–6.

■ As the Ninth Circuit has explained, the requirement that a request for self-representation be unequivocal:

follows from the nature of the dueling rights at stake in *Faretta* and the need to make a sensible accommodation of the individual and societal interests raised. *Faretta* itself makes clear the view that self-representation in most cases will have negative consequences. But despite the potential ill-consequence of self-representation, we permit it because of our society's respect for individual dignity, once the individual has been fairly advised of consequences and has made a knowing and intelligent decision.

Because the exercise of self-representation cuts off the exercise of the right to counsel, often to individual detriment, we recognize the right only when it is asserted without equivocation.

*United States v. Mendez–Sanchez,* 563 F.3d 935, 945 (9th Cir.) (footnote and citation omitted), *cert. denied,* —— U.S. ——, 130 S.Ct. 252, 175 L.Ed.2d 172 (2009); *see also Adams v. Carroll,* 875 F.2d 1441, 1444 (9th Cir.1989) (The requirement that a defendant's request to represent himself be unequivocal "serves two purposes. First, it acts as a backstop for the defendant's right to counsel, by ensuring that the defendant does not inadvertently waive that right through occasional musings on the benefits of self-representation.... [¶] The requirement that a request for self-representation be unequivocal also serves an institutional purpose: It prevents a defendant from taking advantage of the mutual exclusivity of the rights to counsel and self-representation. A defendant who vacillates at trial between wishing to be represented by counsel and wishing to represent himself could place the trial in a difficult position: If the court appoints counsel, the defendant could, on appeal, rely on his intermittent requests for self-representation in arguing that he had been denied the right to represent himself; if the court permits self-representation, the defendant could claim he had been denied the right to counsel. The requirement of unequivocality resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel." (citations omitted)). Thus, a request is not unequivocal if it is "a momentary caprice or the result of thinking out loud," *Adams,* 875 F.2d at 1445, or an "emotional response" to a trial court's ruling. *Jackson v. Ylst,* 921 F.2d 882, 888 (9th Cir.1990).

▮▮▮ Generally, courts "look to three factors to determine whether a request for self-representation is unequivocal: the timing of the request, the manner in which the request was made, and whether the defendant repeatedly made the request." *Stenson,* 504 F.3d at 882. In applying these factors, federal courts must give significant deference to the state court's factual findings. 28 U.S.C. § 2254(e)(1); *Stenson,* 504 F.3d at 882; *see also Mendez–Sanchez,* 563 F.3d at 944 (A "court's finding that a defendant's waiver is equivocal is a finding of fact...."); *Bragg v. Galaza,* 242 F.3d 1082, 1087 (9th Cir.2001) (Section 2254(e)(1)'s presumption of correctness "is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court."), *amended by,* 253 F.3d 1150 (9th Cir.2001).

"[The petitioner's] burden under 28 U.S.C. § 2254(d)(2) is to demonstrate that the [California] court's finding that his request was equivocal 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' He does not do so...." *Stenson,* 504 F.3d at 883. Rather, as set forth above, petitioner initially wrote the trial court a letter complaining his conviction was "erroneous" and stating he no longer wanted the public defender to represent him, but rather "I want a state attorney, or I want to defend myself." Lodgment no. 7 at 4. Subsequently, at a hearing on January 16, 2007, petitioner asked to talk to the trial judge about the contents of his letter, and the judge responded "I'm not going to do anything today, but I'll listen to it [at sentencing]." ART 3:1–4:2. Later, during the same hearing, the trial court set petitioner's sentencing on January 19, 2007, and petitioner interjected "I don't want [the public defender] to represent me anymore." ART 5:21–24. The trial court then explained to petitioner that a public defender was a state appointed attorney, and petitioner responded "I don't need her." ART 5:25–6:13. The trial court then informed petitioner:

Well, you know what? **If you want to represent yourself, you're going to have to make that motion [at the sentencing hearing]. And we'll deal with it then.** I strongly think you should think about that. So you've been tried. You were convicted by a jury. I didn't convict you. She didn't convict you, but a jury convicted you. So that's what [sic] we're at in this case.

ART 6:14–20 (emphasis added). The petitioner responded, "I understand." ART 6:21. At the sentencing hearing, the trial court advised petitioner it had read his letter, but petitioner did **not** request to represent himself. RT 2701:15–2718:6. Thus, petitioner's request to represent himself was clearly equivocal, as the Ninth Circuit has determined in similar circumstances. *See United States v. McKenna*, 327 F.3d 830, 844 (9th Cir.) (Defendant "stated at arraignment that she 'preferred' to represent herself rather than have counsel from the Federal Public Defender's Office appointed, because such an attorney would be part of the same government system as the prosecutor. She did not persist in seeking to represent herself after the district court explained a federal public defender's independence from the prosecutor's office."), *cert. denied*, 540 U.S. 941, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003). Here, like *McKenna*, petitioner initially stated he wanted "a state attorney" or he wanted to defend himself.[2] Later, however, when the trial court explained that the public defender is a "state-appointed attorney[,]" petitioner said, "I don't need her," which certainly does not evince an unequivocal desire to represent himself. Nor did petitioner ask to represent himself at

the sentencing hearing, although the trial court had previously told petitioner it would address the issue of self-representation then, if petitioner wanted to represent himself. *See Jackson*, 921 F.2d at 889 ("At the sentencing hearing, Jackson did not object to the presence of his appointed counsel, nor did he renew his request to proceed pro se."). Since petitioner did not make an unequivocal request to represent himself, the California Supreme Court's denial of his *Faretta* claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing the action with prejudice.

---

**2.** This initial statement was conditional, rather than equivocal, *see Mendez–Sanchez*, 563 F.3d at 946 ("A conditional waiver can be stated unequivocally, as for example when a defendant says in substance: 'If I do not get new counsel, I want to represent myself.' "); however, the record as a whole demonstrates petitioner never made an unequivocal request to represent himself. *Stenson*, 504 F.3d at 883; *McKenna*, 327 F.3d at 844.