Filed 4/3/14  P. v. Hill CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B244577 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. TA123453) |
| JASON A. HILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen Joseph Webster, Jr., Judge.  Reversed and remanded.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Jason A. Hill of inflicting corporal injury upon a cohabitant (§ 273.5, subd. (a))[1] while using a deadly weapon (§ 12022, subd. (b)(1).)  The court discharged the jury and scheduled a bench trial on defendant's prior conviction allegations.  Before the bench trial was conducted, defendant made a *Faretta* motion.[2]  The court denied the motion, stating reasons not recognized by case law.  The day of the bench trial, defense counsel informed the court that defendant had provided her with information that could form the basis of a new trial motion and requested a continuance to permit her to investigate.  The court denied the request, erroneously stating that defendant could file a new trial motion after sentencing.  The court conducted the bench trial, found that defendant's prior conviction had been proven, and sentenced defendant to state prison.

In this appeal, defendant raises no claim of error in regard to the trial resulting in his conviction.  Instead, he contends that the trial court erred when it denied his *Faretta* motion and defense counsel's request for a continuance to investigate a new trial motion.  We agree and therefore reverse the judgment and remand the case to the trial court solely to permit a renewal of those motions.

## FACTUAL AND PROCEDURAL BACKGROUND

In relevant part, the information alleged that defendant violated section 273.5, subdivision (a) while using a deadly weapon and that he had suffered a prior felony conviction within the meaning of several enhancement statutes.

---

[1]     All statutory references are to the Penal Code.

[2]     *Faretta v. California* (1975) 422 U.S. 806.

Deputy Public Defender Janet Araujo represented defendant. A jury trial was conducted in which defendant testified on his own behalf.

On September 14, the jury returned with its verdict. The jury convicted defendant and found the deadly weapon enhancement to be true.[3] After the trial court discharged the jury, defendant was advised of and waived his right to a jury trial on the issue of his prior conviction. The parties agreed that a bench trial would be conducted on the prior conviction allegations immediately before the October 5 probation and sentencing hearing.

On October 5, defendant made a *Marsden* motion to relieve Araujo. At an in camera hearing, the following occurred.

Defendant explained that he "wish[ed] to relieve [Araujo] for ineffective assistance of counsel and conflict of interest." Defendant then stated: "I also did file a pro per packet, sir, and I wish to exercise my *Faretta* rights at this time in preparation for my pretrial hearing and pretrial motion."

The trial court rejected defendant's request to relieve Araujo.[4] In this appeal, defendant does not contend that the trial court's denial of his *Marsden* motion was error.

Turning to defendant's *Faretta* request, the court asked: "And you want to go pro per? You don't even know the name of the motions [that you believe

---

[3]    Since defendant does not challenge the sufficiency of the evidence to support the jury's verdict, there is no need to recite the facts of the crime.

[4]    In denying the *Marsden* motion, the court stated that Araujo had been an attorney "25, 30 years," was "experienced, [had] tried a number of cases in [his] court, including murder cases . . . [and] did an incredible job" in defendant's case. The court explained that it was not defense counsel's "fault" that "the jury didn't believe" defendant, but, instead, credited the victim's testimony. The court concluded: "I think the real conflict is you [defendant] don't like female lawyers. I think that's the problem with this case. [¶] . . . I don't see a basis for why she [Araujo] should be removed."

defense counsel should have brought]. How could you go pro per?" At the end of the in camera hearing, the court stated: "You want to go pro per for your appeal, you can go pro per for your appeal." "I'm denying [your *Faretta* motion]. [Araujo] is going to handle the [bench] trial [on the prior conviction], and once the trial is over, if you want to file a *Faretta*, you can do it on your own. All right? It's going to be denied."

Proceedings resumed in open court. In the course of scheduling defendant's probation and sentencing hearing, defendant stated:

> "Certain things that have been revealed I've discovered since the trial, Your Honor, I believe it's [a section] 1181 [subdivision] 8 [motion], and those are certain things that I wish to expose to the court to allow you to see for basis and grounds for me to file my retrial motions, sir. There are certain things that [defense counsel] has consistently did that I feel is a conflict of interest. I feel like she's railroaded me, Your Honor, and I do not wish to have her represent me."

The court replied: "I've already made a decision with respect to that, so the bottom line is you can talk to her or we can decide [the date of your sentencing hearing]." During the subsequent exchange, defendant reiterated: "I want to exercise my *Faretta* rights." The court responded: "That's been denied. We are talking about what day you want for P & S." Ultimately, the court ordered the parties to return on October 10.

On October 10, Araujo told the court that defendant had "provided [her] with further information that, if it's investigated, would provide matter for a motion for a new trial. . . . [¶] . . . The basis, just generally being, new information that wasn't readily available at the time of the trial." Araujo "request[ed] that the matter be put over for another court date . . . to allow [her] to

4

investigate this information."[5] She stated that she had explained to defendant "that if the court is amenable to [her] request on his behalf, that [she] would ask to have a video conference with him [the] next week . . . and he would have to provide [her] with the specific details and information so that [she] could investigate the information to determine if there is [a basis for] a motion for a new trial." The prosecutor made multiple objections to this request and asked that defendant be sentenced that day.

The court explained, at length, its (erroneous) belief that defendant would be able to file a new trial motion after sentencing.[6] The court stated that if the new information referenced by defense counsel "was not known to the defense or not provided to the defense by [defendant], certainly if that is the case, then that could

---

[5] Subdivision (8) of section 1181 provides that the trial court may grant a new trial motion "[w]hen new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all circumstances of the case, may seem reasonable."

[6] The court stated: "I'm not aware that the fact that a person is sentenced . . . precludes anyone from filing a motion for new trial. I mean, seems to the court that's a constitutional right one has that you can file for a motion for new trial. . . . [¶] It happens all of the time [after sentencing], . . . especially in these homicide cases. Happens on a regular basis. There's nothing that suggests that a motion for new trial can't be lodged after sentencing occurs. Or two, even after – or if there's going to be an appeal. I don't think that there's anything that legally prohibits someone from filing a motion for new trial after they've been sentenced. I don't think one has anything to do with the other. That's a person's constitutional right. It must be done timely. I don't know anything that says once you are sentenced you lose jurisdiction to file a motion for a new trial. That's not my understanding. . . . I think there's nothing precluding [defendant] or any other individual from filing a motion for new trial. In fact, it tends to happen more after the sentencing than before."
Defense counsel disagreed with the court's assessment but could not cite authority to support her view. The prosecutor's comments suggested agreement with the trial court's incorrect statement of the law.

5

be the subject of a motion for new trial" but then concluded that that scenario did not "preclude[] the court from moving further with the case." It therefore denied defense counsel's request to continue the matter.

The court proceeded to the bench trial on defendant's prior conviction. During that proceeding, defendant reiterated: "I said I wanted to go pro per and represent myself." The court explained that it already denied that request several times. At the end of the bench trial, the court found that defendant's prior conviction had been proven. The court immediately sentenced defendant to an 11-year prison term.

The court advised defendant of his appellate rights; defendant again sought "to exercise my *Faretta* rights"; and the trial court reiterated defendant could do so on appeal. Defense counsel then stated: "To reiterate that the court pointed out earlier . . . that a motion for a new trial can be heard even after sentencing. So the court pointed out to [defendant] that even though he's going to be sentenced, he doesn't lose the ability to file a motion for new trial." The trial court replied: "All right."

This appeal follows.

## DISCUSSION
### A.  DENIAL OF *FARETTA* MOTION

Defendant first contends that the trial court erred when it denied his request to represent himself.

A criminal defendant has a constitutional right to self-representation if he voluntarily and intelligently waives his right to counsel. (*Faretta v. California, supra,* 422 U.S. at pp. 818-819; *People v. Windham* (1977) 19 Cal.3d 121, 124 (*Windham*).) If the request for self-representation is timely, "the defendant's 'technical legal knowledge' is irrelevant to the court's assessment of the

6

defendant's knowing exercise of the right to defend himself." (*Windham, supra,* 19 Cal.3d at p. 128.) But if the "defendant has elected to proceed to trial represented by counsel and the trial has commenced, it is thereafter within the sound discretion of the trial court to determine whether such a defendant may dismiss counsel and proceed *pro se*." (*Id*. at p. 124.)

Relying upon *People v. Miller* (2007) 153 Cal.App.4th 1015 (*Miller*), defendant contends that his *Faretta* motion was timely so that the trial court was required to grant it as long as he voluntarily and intelligently waived the right to counsel. We are not persuaded that the motion was timely.

In *Miller*, the defendant was represented by counsel throughout trial, including the return of the jury's verdict and the trial court's denial of a new trial motion. (*Miller, supra*, 153 Cal.App.4th at p. 1019.) Two months before the sentencing hearing, the defendant stated he wished to represent himself. The trial court, after balancing multiple factors, rejected the *Faretta* request. (*Id*. at p. 1020.)

The Court of Appeal reversed. It noted that the "timeliness of a *Faretta* motion made after a finding of guilt but before sentencing appears to be a question of first impression." (*Miller, supra*, 153 Cal.App.4th at p. 1022.) It concluded that the defendant's request "made after the jury returned its verdict and his new trial motion had been denied, but well before sentencing, was not made during trial for the simple reason that sentencing occurs posttrial. [Citations.] Sentencing is not like a bifurcated trial on prior convictions [which is] part of 'a proceeding which ha[s] been divided into separate components for [the] defendant's benefit.' [Citation.] Instead, sentencing is a proceeding separate and distinct from the trial." (*Id*. at pp. 1023-1024.) Because "the request was timely, [the defendant] had an absolute right to represent himself at sentencing and the trial court was required to grant his request for self-representation, which was unequivocal, as long as he was

mentally competent and the request was made 'knowingly and intelligently, having been apprised of the dangers of self-representation.' [Citation.]" (*Id.* at p. 1024.)

*Miller* is clearly distinguishable. In *Miller,* when the defendant made his *Faretta* request, the trial court had already denied a new trial motion and the only pending matter was a sentencing hearing set two months in the future. Here, on the other hand, when defendant made his *Faretta* request, the court had not yet conducted a bench trial on defendant's prior conviction and defendant had indicated that he intended to file a new trial motion. We therefore find that defendant's request, while unequivocal, was made *during* trial so that the trial court retained discretion to grant or deny it. This takes us to the next issue: was the trial court's denial of defendant's *Faretta* request an abuse of discretion?

*Windham* sets forth the factors a trial court should consider in ruling upon a *Faretta* request made during trial. They include "the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Windham, supra,* 19 Cal.3d at p. 128.)

In this case, the trial court did not discuss any of those factors. Instead, it relied upon two legally incorrect reasons to deny the motion.

First, it stated that defendant lacked sufficient legal knowledge to represent himself. ("You don't even know the name of the motions. How could you go pro per?") But a defendant's legal knowledge or acumen is not a relevant factor to consider in ruling upon a *Faretta* request. (*Windham, supra,* 19 Cal.3d at p. 128.)

Second, the trial court told defendant that if he insisted upon representing himself, he could do so on appeal. But this statement is likewise incorrect. A criminal defendant has no constitutional right to self-representation on appeal.

8

(*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152; *People v. Scott* (1998) 64 Cal.App.4th 550.)

To avoid this conclusion, the Attorney General cites to comments the trial court made when it first denied the *Marsden* motion to argue that the trial court did rely upon proper factors when it denied the *Faretta* request. (See fn. 4, *ante*.) But the "trial court's exercise of discretion in denying an untimely *Faretta* motion is properly affirmed if substantial evidence in the record supports the inference *that the* [*trial*] *court had those factors in mind when it ruled*." (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1354, italics added.) In this case, the comments the trial court made when it denied the *Faretta* motion support the contrary inference. We therefore find that its denial of the *Faretta* motion was an abuse of discretion. (See *People v. Knoller* (2007) 41 Cal.4th 139, 156 [the trial court abuses its discretion if its ruling is based on impermissible factors or an incorrect legal standard].) This error requires a limited remand to permit defendant to renew his *Faretta* motion so that the trial court may rule based upon the *Windham* factors. (See *People v. Miller, supra,* 153 Cal.App.4th at pp. 1024-1025.)

## B. DENIAL OF THE REQUEST FOR A CONTINUANCE TO INVESTIGATE A NEW TRIAL MOTION

Defendant next contends that the trial court abused its discretion in denying defense counsel's request for a continuance to prepare a new trial motion. We agree.

The trial court possesses broad discretion to grant or deny a request for continuance. (*People v. Sakarias* (2000) 22 Cal.4th 596, 646-647.) But a proper exercise of juridical discretion requires knowledge and consideration of the "legal principles essential to an informed, intelligent and just decision. [Citation.]" (*People v. Lara* (2001) 86 Cal.App.4th 139, 165.)

9

In this case, the trial court denied the request after it repeatedly stated its erroneous belief that defendant could file his new trial motion *after* he had been sentenced. (See fn. 6, *ante*.) In other words, the trial court apparently believed that a continuance was not necessary because defense counsel could investigate the basis of a new trial motion and file that motion after defendant had been sentenced. The law is to the contrary. Section 1182 provides that a new trial motion "must be made and determined before judgment[.]" Thus, "[i]t is axiomatic . . . that a motion for new trial cannot be entertained or granted after judgment is entered." (*People v. Hales* (1966) 244 Cal.App.2d 507, 511.)

Defendant urges that the "trial court's misunderstanding of the law concerning timeliness of such motions amounts to a *de facto* refusal to hear such motion at all, and completely foreclosed [his] opportunity to investigate and litigate *any* motion for new trial." He further argues that the improper denial of the continuance request "made it impossible for trial counsel to make a record from which this Court may determine whether or not such [new trial] motion had merit or lacked merit." We agree and therefore reject the Attorney General's arguments that the trial court could have denied the request based upon reasons it did not state or that the trial court's denial of the request was not prejudicial.

The remedy is to remand the matter to the trial court so that defense counsel can renew her request for a continuance to permit her to investigate a new trial motion and the trial court can rule upon the request using the appropriate factors. (See *People v. Braxton* (2004) 34 Cal.4th 798, 818-820.)

### C. LIMITED REMAND

As previously noted, this appeal raises no claim of error in regard to the propriety of defendant's conviction. Therefore, our reversal of the judgment is limited to a reversal of the trial court's finding on the prior conviction and its

subsequent imposition of sentence. This will permit defendant to renew his *Faretta* motion and, if the motion is denied, allow defense counsel to move again for a continuance to allow her to investigate a new trial motion. If the motion is granted, defendant will have the opportunity to move for new trial. If the trial court denies both motions, it is directed to reinstate its finding on the prior conviction and its imposition of sentence.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court to proceed in accord with the directions set forth in this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




MANELLA, J.