[No. B035707. Second Dist., Div. Six. Nov. 3, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WINBUSH, Defendant and Appellant.

988

COUNSEL

Harvey R. Zall, State Public Defender, under appointment by the Court of Appeal, and Donald J. Ayoob, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STONE (S. J.), P. J.—Here we decide that a trial judge errs by refusing to rule on a defendant's request for new counsel to argue a new trial motion

based on alleged ineffective representation simply because the request was not presented by existing counsel.

Robert Winbush was convicted by a jury of three counts of rape, and two counts of forcible oral copulation. The trial court also found true two prior serious felony convictions for first degree burglary and auto theft. Appellant was sentenced to a total term of 45 years.

After the verdict and prior to sentencing, appellant wrote a letter to the trial judge requesting appointment of new counsel to present and argue a motion for new trial. Along with this letter, appellant sent to the judge an "Affidavit in Support of Ex Parte Motion for New Trial Declaration" alleging, among other matters, that he received ineffective assistance of counsel and stating his reasons for this belief. Neither the letter nor the affidavit was filed with the court clerk.

At the sentencing hearing, the judge remarked: "Before we proceed in this, I do want to state that I received from Mr. Winbush communications directed from him apparently which did not get through counsel, and I gave counsel for the Defendant an opportunity to read these communications, and for the benefit of the People, since the People don't know what they are, the Defendant is requesting a new trial and has filed . . . his own ex-party [*sic*] motion for a new trial. I take the position that Defendant is represented by counsel, and counsel is Miss Brewer, and if there is to be a new trial motion, it will be filed by counsel and not the Defendant. I'm not placing any legal significance on the Defendant's moving papers at this time. I'm prepared to proceed with sentincing [*sic*]."

■ The sole issue presented on appeal is whether the trial judge erred by refusing to consider appellant's written request for new counsel to argue a motion for new trial.[1] It did.

The appropriate procedure for the trial court to follow when defendant seeks to file new trial motion based on ineffective representation of counsel is outlined in *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306]. In that case, appellant filed a motion for new trial alleging incompetence of counsel. Defense counsel claimed he could not argue his own incompetence and argued that the trial court should immediately appoint a new attorney to represent appellant on the motion. After conducting an in camera hearing with appellant and defense counsel from which the district attorney was excluded, the trial court denied the motion for new trial,

---

[1] We note that appellant presented to the trial court other bases for new trial motion besides the alleged incompetence of counsel. However, he does not claim that the trial court erred in refusing to consider these additional grounds.

finding the motion to be unsupported. The appellate court initially noted that the question whether to appoint new counsel to present a motion for new trial is distinct and separate from the issue of whether new trial is warranted. (P. 394.)

The appellate court then pointed out that, pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44], the right to substitution of counsel depends upon whether defendant has made a sufficient showing that the right to assistance of counsel would be substantially impaired if the request is not granted. (171 Cal.App.3d at p. 395.) ▪ Although noting that *Marsden* involved the right to new counsel before trial is completed rather than for the purpose of making a posttrial motion (*ibid.*), the *Stewart* court relied on *Marsden* in ruling that "we believe it imperative that, as a preliminary matter, the trial judge elicit from the defendant, in open court or, when appropriate, at an *in camera* hearing, the reasons he believes he was inadequately represented at trial. As stated in *Marsden,* a trial court cannot thoughtfully exercise its discretion in a matter such as this without listening to the defendant's reasons for requesting a change of attorneys. . . . [¶] Once a trial judge is informed of the facts underlying a defendant's claim of inadequate assistance, he is then in a position to intelligently determine whether he may at that point fairly rule on the defendant's motion for a new trial, or whether new counsel should be appointed to more fully develop the claim of inadequate representation. [¶] In those instances where the alleged incompetence relates to events occurring at trial . . . it is unnecessary to appoint new counsel to assist in the motion for new trial, since observations necessarily made by the trial court during trial provide sufficient information to intelligently rule on the motion for new trial. . . [¶] If, on the other hand, the defendant's claim of inadequate representation relates to something that did not occur within 'the four corners of the courtroom' (*Marsden, supra,* 2 Cal.3d at p. 123) or which cannot fairly be evaluated by what did occur at trial, then, in the sound exercise of its discretion, the court may appoint new counsel to better develop and explain the defendant's assertion of inadequate representation." (Pp. 395-396.)

▪ Trial in the present case took place in 1987, well after the *Stewart* decision was handed down. Yet, the trial court never even reached the initial step of inquiring fully into the matter directly with appellant on the record. There was thus a complete absence of any judicial determination with regard to the stated need for new counsel. (See *People* v. *Marsden, supra,* 2 Cal.3d 124.)

The trial judge's reason for refusing to hear appellant's request for new counsel—appellant's failure to present his request through counsel—is

unjustified. Further, that the request for new counsel came after trial and for the purpose of making a motion for a new trial does not diminish defendant's right to have his *Marsden* motion heard. Indeed, since there is always the potential of ineffective representation at any stage during trial court proceedings, there is no reason why defendant may not make a *Marsden*-type motion posttrial, either for the purpose of sentencing or of making a new trial motion. (*People* v. *Dennis* (1986) 177 Cal.App.3d 863, 871 [223 Cal.Rptr. 236].) We find it an unnecessary and potentially inhibiting practice to require defendant to make his request through counsel with whom he is dissatisfied. Once the request for new counsel is made, the trial court's first duty is to fully explore with defendant, in open court or during an in camera session without the presence of the prosecutor, defendant's reasons for desiring new counsel. (*People* v. *Stewart, supra,* 171 Cal.App.3d 395; *People* v. *Hill* (1983) 148 Cal.App.3d 744, 753 [196 Cal.Rptr. 382].)

Respondent points out that two in camera hearings were held during the course of the trial which excluded the prosecutor and which discussed defense counsel's trial strategy. Respondent asserts that, since this same subject would be covered at a posttrial hearing, there was no need for another hearing. This argument is without merit because there was no discussion in these hearings of the issue of counsel's alleged incompetence.

Respondent next contends that any *Marsden* error is harmless since appellant is now represented by new counsel on appeal who can raise the issue of incompetence of counsel before this court. *Marsden* error is typically treated as prejudicial per se. (*People* v. *Hill, supra,* 148 Cal.App.3d at p. 755.) The failure of a trial court to listen to defendant's reasons for wanting the replacement of appointed counsel must be remedied at the trial court level. An appellate court cannot speculate upon the basis of a silent record that the trial court, after listening to defendant's reasons, would decide the appointment of new counsel was unnecessary. Consequently, the very nature of the error precludes meaningful appellate review of its prejudicial impact. (*Ibid.*) (See also *People* v. *Minor* (1980) 104 Cal.App.3d 194, 198 [163 Cal.Rptr. 501].)

Moreover, trial judges are particularly well-suited to rule on the adequacy of counsel in criminal cases tried before them. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 582 [189 Cal.Rptr. 855, 659 P.2d 1144].) "Thus, in appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is able to determine the effectiveness issue on such motion, it should do so." (*Id.,* at pp. 582-583.)

Although this case requires reversal of the judgment, it does not require an automatic retrial. (See *People* v. *Stewart, supra,* 171 Cal.App.3d 398.) The appropriate course of action is to remand to the trial court to allow it to fully inquire into appellant's allegations concerning counsel's performance. Following the inquiry, if the trial court determines that defendant has presented a colorable claim of ineffective assistance, then the court must appoint new counsel to fully investigate and present the motion for new trial. If, on the other hand, the inquiry does not disclose a colorable claim, the motion for new trial may be denied and the judgment reinstated. (See *ibid.*)

Reversed and remanded.

Gilbert, J., and Abbe, J., concurred.