[No. B084933. Second Dist., Div. Two. Oct. 3, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY JEROME MACK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the opinion is certified for partial publication. The portions directed to be published are as follows: the first paragraph of the opinion; part VIII of the Discussion and the Disposition.

**COUNSEL**

Andrew E. Rubin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Kristofer Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOREN, P. J.**—Appellant, Timothy Jerome Mack, shot at two uniformed sheriff's deputies. He was convicted by a jury of two counts of attempted murder with the personal use of a firearm (Pen. Code, §§ 664/187, subd. (a), 12022.5, subd. (a))[1], two counts of assault with a firearm upon a peace officer, with the personal use of a firearm (§§ 245, subd. (d)(1), 12022.5, subd. (a)), and one count of possession of a firearm with the prior serious felony conviction of robbery (§§ 12021.1, 667, subd. (a)). Appellant admitted three prior serious felony (robbery) convictions. (§ 667, subd. (a).) He was sentenced to a total determinate term of twenty-eight years and eight months, plus two consecutive indeterminate life terms.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

VIII.  *The Trial Court's Failure to Inquire Into Appellant's Allegations Concerning Trial Counsel's Performance*

Prior to appellant's voluntarily deciding to absent himself from the sentencing and probation revocation proceedings, trial counsel indicated to the court that appellant wanted to file a motion and wanted "to be heard." The court replied that appellant had an attorney of record present to whom he should talk and who would then speak on his behalf. Appellant persisted and stated, "I have a conflict between me and my attorney. I want to be heard on a Stewart [*People* v. *Stewart* (1985) 171 Cal.App.3d 388 (217 Cal.Rptr.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1484.

306)] motion." The court refused to hear from appellant, who protested that his rights were being denied and requested a substitution of counsel. Appellant then absented himself from further proceedings with a spate of obscene remarks.

It is well settled that a criminal defendant, at any stage of the trial, must be given the opportunity to state reasons for a request for new counsel. (*People* v. *Smith* (1993) 6 Cal.4th 684, 690-692, 694, 696 [25 Cal.Rptr.2d 122, 863 P.2d 192]; *People* v. *Marsden* (1970) 2 Cal.3d 118, 123-125 [84 Cal.Rptr. 156, 465 P.2d 44]; *People* v. *Winbush* (1988) 205 Cal.App.3d 987, 989-991 [252 Cal.Rptr. 722]; *People* v. *Stewart* (1985) 171 Cal.App.3d 388, 395-398 [217 Cal.rptr. 306].) As respondent acknowledges, the trial court erroneously failed to permit appellant to state the reasons for his expressed dissatisfaction with trial counsel and to inquire into his request for substitution of counsel prior to hearing the motion for a new trial presented by counsel. Nonetheless, although such error is "typically treated as prejudicial per se" (*People* v. *Winbush, supra,* 205 Cal.App.3d at p. 991), in the context of the present case the error was harmless beyond a reasonable doubt.

As discussed in *Winbush* and *Stewart,* the usual remedy for the court's failure at sentencing to inquire into defendant's allegations concerning trial counsel's performance is a reversal of the judgment, but not necessarily a retrial. "The appropriate course of action is to remand to the trial court to allow it to fully inquire into appellant's allegations concerning counsel's performance. Following the inquiry, if the trial court determines that defendant has presented a colorable claim of ineffective assistance, then the court must appoint new counsel to fully investigate and present the motion for new trial. If, on the other hand, the inquiry does not disclose a colorable claim, the motion for new trial may be denied and the judgment [reversed on appeal will be] reinstated." (*People* v. *Winbush, supra,* 205 Cal.App.3d at p. 992; see *People* v. *Stewart, supra,* 171 Cal.App.3d at pp. 397-398.)

However, the present case is unlike that in *Winbush* and *Stewart* and does not require a remedy entailing the above quoted procedure. Unlike in *Winbush* and *Stewart,* appointed counsel here raised numerous issues, both in the direct appeal of the present case and in a related petition for a writ of habeas corpus, which we have addressed in a separate order, attacking trial counsel's performance as constitutionally inadequate. The remedy discussed in *Winbush* and *Stewart* has already been effectively accomplished. New counsel, i.e., appellate counsel, has already been appointed who has fully investigated and presented appellant's numerous claims of ineffective assistance of trial counsel. Appellate counsel suggests in reply that if a hearing

were ordered and other counsel appointed, more extensive communication with appellant might reveal "other areas of incompetency to raise." We refuse to indulge in the unwarranted assumption that appellate counsel, despite options for written, telephonic or personal contacts, is somehow unable to communicate adequately with his client.

Appellant urges that a similar harmless error argument was rejected by the court in *Winbush*, and that we should thus treat the matter as prejudicial per se. *Winbush* is distinguishable. In *Winbush*, there were two in camera hearings held during the course of the trial at which the prosecutor was excluded and defense counsel's trial strategy was discussed. In rejecting the argument that there was no need for another hearing, the court in *Winbush* emphasized that ". . . there was no discussion in these hearings of the issue of counsel's alleged incompetence." (*People* v. *Winbush, supra,* 205 Cal.App.3d at p. 991.) *Winbush* also answered the argument that appellant's new counsel on appeal *could* raise the issue of trial counsel's incompetence before the appellate court by responding that a reviewing "court cannot speculate upon the basis of a silent record that the trial court, after listening to defendant's reasons, would decide the appointment of new counsel was unnecessary." (*Ibid.*) In the present case, however, we need not speculate and do not have a silent record as a result of appellate counsel's extensive treatment of the issue. The issue of trial counsel's alleged incompetence has been thoroughly addressed by appellate counsel both in the direct appeal and in a collateral writ.

*Winbush* also paid appropriate deference to "trial judges [who] are particularly well-suited to rule on the adequacy of counsel in criminal cases tried before them." (205 Cal.App.3d at p. 991) Nonetheless, the point of such deference was that " 'in appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is able to determine the effectiveness issue on such motion, it should do so.' ([*People* v. *Fosselman* (1983) 33 Cal.3d 572,] 582-583 [189 Cal.Rptr. 855, 659 P.2d 1144].)" (*People* v. *Winbush, supra,* at p. 991.) In the present case, however, justice is not expedited by indulging in appellate and collateral writ review, finding no merit to the issues raised, and then remanding to the trial court for review of the apparently identical matters.

Accordingly, we agree with *Winbush* that where the matter is not actually raised by new counsel representing a defendant on appeal, either by way of the direct appeal or in a collateral writ, a remand to the trial court is appropriate. But in the situation not confronted by *Winbush*, as where new

counsel on appeal does address trial counsel's alleged ineffectiveness, a remand to the trial court is not necessary unless the claim of ineffectiveness warrants further proceedings, which is not the case here.

## DISPOSITION

Appellant's sentence is modified by striking the five-year enhancement for the prior felony conviction (case No. A914344). In all other respects, the judgment is affirmed.

Fukuto, J., and Brandlin, J.,* concurred.

A petition for a rehearing was denied November 7, 1995, and appellant's petition for review by the Supreme Court was denied January 17, 1996.

---

*Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.