Filed 4/27/16  P. v. Trujillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C080188 |
| Plaintiff and Respondent, | (Super. Ct. No. CRM141091) |
| v. | |
| ZACKARY ELIAS TRUJILLO, | |
| Defendant and Appellant. | |

Defendant Zackary Elias Trujillo pled no contest to felony possession of methamphetamine and admitted a prior strike conviction.  Prior to sentencing, he moved to withdraw his plea based on mistake, ignorance, and/or inadvertence.  In the motion, defense counsel also stated that defendant *may* want to move to withdraw his plea based on inadequate assistance of counsel.  The trial court denied the motion to withdraw as presented by defense counsel and refused to let defendant address the court directly.

1

On appeal, defendant contends the trial court erred by failing to hold a *Marsden*[1] hearing to evaluate whether his claim of ineffective assistance of counsel warranted withdrawal of the plea and by refusing to allow him to address the court about his concerns. The People contend defendant did not give a clear indication he wanted substitute counsel and, accordingly, the trial court had no duty to conduct a *Marsden* hearing. They further contend the court did not abuse its discretion in refusing to allow defendant to speak to the court directly because the court "had already held there were no grounds for [him] to withdraw his plea and implicitly found a *Marsden* hearing was unwarranted."

We conclude the trial court abused its discretion in refusing to allow defendant to address the court directly once defense counsel informed the court that defendant *may* want to move to withdraw his plea based on inadequate assistance of counsel, but we find the court's error was harmless. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In the late afternoon on September 19, 2014, a peace officer detained defendant following a parole search in which the officer found a clear baggie containing 0.7 grams of a white crystalline substance the officer believed to be narcotics. The next day, the officer sought a determination from a magistrate over the telephone that there was sufficient probable cause for an arrest. Acting as a magistrate, Judge Scrogin found insufficient probable cause and ordered defendant released because (as Judge Scrogin later explained at sentencing ) the probable cause affidavit did not show that any test had been performed on the substance.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

On September 22, defendant was charged with misdemeanor possession of methamphetamine.[2] In November, based on defendant's criminal history and repeated violation of his parole conditions, the People moved to amend the complaint to charge *felony* possession of methamphetamine instead and to allege a prior strike conviction. The trial court granted the motion.

In December 2014, defendant pled no contest to the felony possession charge and admitted the prior strike allegation. The parties agreed to defer sentencing to allow defendant to complete parole in an unrelated case. If he was able to successfully complete parole without further violations, defendant would be allowed to withdraw his plea and the district attorney would dismiss the charges. If he did not successfully complete parole, the case would proceed to sentencing. In both open court and on the plea form, defendant acknowledged that he had sufficient time to speak with his attorney about the plea, understood the terms of the plea, and specifically understood that if he did not successfully complete parole, he faced a maximum sentence of six years. Defense counsel assured the trial court based on his conversations with defendant that defendant understood the consequences of the plea. Defendant thanked the prosecutor for his "generosity and kindness" in making this deal to permit him to address his addiction problems. The trial court accepted defendant's plea and found he had made a knowing, intelligent, and voluntary waiver of his rights. Defendant was scheduled to be discharged from parole in September 2015, so the matter was set for further hearing in late August 2015.

Defendant was arrested for a parole violation in February 2015. He admitted the parole violation and the parties modified the plea agreement. Under the new plea terms, the prosecution agreed to give defendant another opportunity to successfully complete

---

[2]     The offense is a "wobbler" that can be charged either as a felony or a misdemeanor. (See Health & Saf. Code, § 11377, subd. (a).)

parole; in exchange, defendant agreed that if he failed he would receive the stipulated sentence of three years, doubled pursuant to the strike, for a total of six years. The prosecutor noted, "He knows what's at risk, and he obviously knows the consequences. If he blows it the next time, it will be the six years as opposed to simply an open plea." Defense counsel agreed those were the terms of the plea and noted defendant appreciated the prosecutor was willing to give defendant another chance and "he's going to go back and work with his parole agent to try and -- try and be worthy of that last chance that he's been given." Defendant thanked the court and the prosecutor for the opportunity to stay on parole and address the problems he was having. Defendant explicitly acknowledged that he understood if he violated parole, he would be sentenced to a stipulated term of six years. Defense counsel stated he was confident defendant understood the consequences of his plea.

In June 2015, the trial court found defendant had violated parole again and the matter was set for a sentencing hearing in July. At the hearing, defense counsel orally moved to withdraw defendant's plea, and the court continued sentencing to August and suggested that counsel file a written motion. Defense counsel did so. In the motion, counsel argued defendant should be allowed to withdraw his plea based on mistake, ignorance, and/or inadvertence because defendant did not "understand how his misdemeanor could become a felony even after the Court made a prior finding that adequate probable cause had not been proven to sustain the original filing." The motion also stated, "[i]n the alternative, [defendant] may want to move this court to withdraw his plea(s) due to inadequate assistance of his counsel." The motion indicated generally that defendant did not feel he had been adequately advised by his attorney of the implications of the plea. The motion further stated, "[t]his Court should inquire of Defendant what the basis(es) for the withdrawal of his plea are. If he asserts that he thinks his court-appointed counsel did not adequately advise him prior to him entering his plea(s), then

4

this Court should conduct a <u>Marsden</u> hearing to ascertain whether or not Counsel was IAC."

At the sentencing hearing in August, defense counsel explained his understanding that after the case was originally charged as a misdemeanor, "the People were going to upgrade it to a felony" but that "wasn't done because there wasn't a probable cause, probably not a probable cause statement on file. So the Court denied that request from the People." Counsel further argued, as he did in the written motion, that defendant "never understood how this [charge] became a felony, when the Court -- when the People tried to have it filed as a felony once before and the Court denied that." Judge Scrogin then explained the purpose and meaning of the probable cause affidavit and why she had found insufficient probable cause to detain defendant when he was first arrested. She then made clear that "it wasn't the situation where the People came to court and I denied making the case a felony when it was a misdemeanor. That wasn't what happened. What happened was it was a poor report that was written and there was no test."

With that clarification, counsel nonetheless argued that defendant should be allowed to withdraw his plea "because he did not understand the ramifications of the deal that he did nor the modification of the deal that he did because he did not fully understand how he was charged with this case in the first place." In the alternative, counsel argued as follows:

"He feels that I should have been able to explain it to him in ways that he would be able to understand it. And to the extent I have been negligent in being able to do that, he may want to withdraw his plea based on the ground of IAC. And if that is the case, Your Honor, then I think we need to have a Marsden hearing."

In response, the prosecutor argued it was clear all the parties understood the terms of both pleas.

Judge Scrogin stated she had reviewed the transcripts of both pleas and there was "no reason to withdraw this plea. Absolutely none." She further stated, "It was

5

abundantly clear.  It was all spelled out.  I know [defendant] is a very intelligent man. And he made knowing, intelligent and voluntary waivers and stipulation.  I'm going to deny it."  When she was finished addressing the motion to withdraw the plea and ready to move on to sentencing, defendant asked if he could "say something regarding that," and the following exchange occurred:

"THE COURT:  You know, Mr. Trujillo, you're not going to disrupt the courtroom.  I denied your motion.  I had a lady in here earlier who sort of got mad at me because I wouldn't do what she wanted.

"[DEFENDANT]:  I just explained to him numerous times regarding why do I have to --

"THE COURT:  Mr. Trujillo --

"THE BAILIFF:  Stop.

"THE COURT:  Mr. Trujillo, I understand your point of view.  I've read all your letters.  I've read Mr. Davis's point of view.  I was there, Mr. Trujillo, on both occasions. And I've always asked you, on both occasions, if you had any questions.  We went through it bit by bit.  You even thanked Mr. McGrath for the opportunity previously.

"So I'm denying it at this point in time again, sir.  There's a record being made here.  So you can go ahead and appeal me.  That's fine.  You have the right to do that. You can go ahead and do that.  So as I see it at this point in time, I'm denying the motion to withdraw the plea."

The trial court then sentenced defendant to a six-year prison term in accordance with the plea agreement.  Defendant obtained a certificate of probable cause.

DISCUSSION

On appeal, defendant contends the trial court's failure to conduct a *Marsden* hearing and refusal to allow him to address the court with his concerns was reversible error.  He claims the error was prejudicial per se.  The People respond there was no duty to conduct a *Marsden* hearing, as defendant did not make a clear indication he wanted

6

substitute counsel and the court did not abuse its discretion in refusing to allow defendant to speak to the court directly because the court "had already held there were no grounds for [him] to withdraw his plea and implicitly found a *Marsden* hearing was unwarranted."

"[A] trial court must conduct . . . a *Marsden* hearing only when there is at least some clear indication by the defendant, either personally or through counsel, that the defendant wants a substitute attorney. [I]f a defendant requests substitute counsel and makes a showing during a *Marsden* hearing that the right to counsel has been substantially impaired, substitute counsel must be appointed as attorney of record for all purposes." (*People v. Sanchez* (2011) 53 Cal.4th 80, 84.) "[A]t any time during criminal proceedings, if a defendant requests substitute counsel, the trial court is obligated . . . to give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney." (*Id.* at p. 90.)

Here, there was no clear indication that defendant wanted new counsel appointed. To the contrary, defense counsel was deliberately noncommittal on that point. In the written motion counsel filed, counsel stated that defendant "*may* want to move this Court to withdraw his plea(s) due to the inadequate assistance of counsel" and "*[i]f* [defendant] asserts that he thinks his court-appointed counsel did not adequately advise him prior to him entering his plea(s), then" the court should conduct a *Marsden* hearing. (Italics added.) Similarly, at the sentencing hearing, counsel stated that defendant "*may* want to withdraw his plea based on the ground of IAC" to the extent counsel had been negligent in explaining how defendant came to be charged with a felony instead of a misdemeanor. (Italics added.) None of these statements amount to a "clear indication" that defendant wanted substitute counsel, and where there is no request for substitute counsel, a *Marsden* hearing is not required. That is, a trial judge is "not be obligated to take steps toward appointing new counsel where defendant does not even seek such relief." (*People v. Gay* (1990) 221 Cal.App.3d 1065, 1070.)

7

Even so, that does not end our inquiry because defendant also asserts error in the trial court's refusal to allow him to address the court directly, as opposed to through counsel. "It is, of course, within the discretion of the court to permit a defendant personally to speak on his own behalf before judgment is pronounced and it is conceivable that there may be circumstances where the failure to do so may be an abuse of discretion." (*People v. Cross* (1963) 213 Cal.App.2d 678, 682.) This is such a case. As we have noted, defense counsel was deliberately noncommittal about whether defendant wanted to move to withdraw his plea on the basis of ineffective assistance of counsel. Counsel twice informed the court that defendant *may* want to do so. Under these circumstances, when defendant specifically requested the opportunity to address the court directly, it was patently unreasonable for Judge Scrogin to refuse to allow him to do so. It was arbitrary and capricious for her to determine in advance that defendant was trying to "disrupt the courtroom," when all he did was ask politely for the court's permission to "say something." It is no matter that a woman in court earlier "sort of got mad at" Judge Scrogin because the judge would not do what the woman wanted. All defendant did was request permission to address the court directly after defense counsel had twice informed the court that defendant may want to move to withdraw his plea based on ineffective assistance of counsel. On these facts, Judge Scrogin abused her discretion in denying defendant the opportunity to speak.

Nevertheless, we conclude the court's abuse of discretion was harmless. It is true that *Marsden* error is " 'typically treated as prejudicial per se,' " but depending on the context it may properly be treated as "harmless beyond a reasonable doubt." (*People v. Mack* (1995) 38 Cal.App.4th 1484, 1487.) Such is the case here with the trial court's refusal to allow defendant the opportunity to even state whether he wanted a new attorney or wanted to withdraw his plea based on ineffective assistance of counsel.

The refusal to conduct a *Marsden* hearing can be prejudicial per se when that refusal prevents defendant from identifying the grounds for his belief that his attorney has

8

been ineffective, because absent any stated grounds there is no basis for assessing the claim at all. Here, however, defense counsel communicated to the trial court that the reason defendant may want to move to withdraw his plea based on ineffective assistance of counsel was because defendant felt his attorney should have been able to explain to him how the original misdemeanor charge became a felony given what defendant and his counsel believed was a finding of insufficient probable cause. Thus, despite the court's refusal to allow defendant to address the court directly, the substance of defendant's concern *was* communicated to the court. Moreover, even if defendant had been allowed to address the court and had moved to withdraw his plea because he believed his attorney had been negligent in failing to adequately explain how the charge became a felony, we are persuaded beyond a reasonable doubt that the court would have denied his motion on that basis, and that ruling would have been entirely proper. This is so because even if defense counsel was unable to explain to defendant's satisfaction how the charge ended up being a felony, and even if that inability to explain fell below the standard of a reasonably competent attorney, those conclusions would have had no bearing whatsoever on whether defendant's no contest plea was entered knowingly, intelligently, and voluntarily.

The record on appeal contains the hearings at which each plea was taken. As to each plea, defendant acknowledged that he had sufficient time to speak with his attorney about the plea, understood the terms of the plea, and had no questions for the court about the plea. As to both pleas, defense counsel stated he was confident defendant understood the consequences of the plea. In each plea, defendant explicitly thanked the prosecutor for permitting him the opportunity to address his addiction problems. In both plea colloquies, the trial court explained the consequences of the plea, and specifically of defendant's failure to satisfactorily complete parole. As to the first plea, defendant indicated he specifically understood that if he did not successfully complete parole, he faced a maximum sentence of six years. And, as to the second, defendant explicitly

9

stated in open court he understood and accepted that if he violated parole again he would be sentenced to six years. The prosecutor stated in open court that defendant knew what was at risk and the consequences if he failed on parole again. The fact that defendant may not have understood how the charge against him came to be a felony does not effect the validity of his pleas in the slightest. As to his pleas, the record shows without equivocation that they were knowingly, intelligently, and voluntarily given, and there is not even the slightest reason to believe that a cogent explanation from his attorney about how the misdemeanor charge turned into a felony would have made any difference at all in defendant's decision to accept the plea agreements. Under these circumstances, we conclude that the trial court's failure to allow defendant to address the court directly was harmless beyond a reasonable doubt.

DISPOSITION

The judgment is affirmed.


                                          /s/
                                          Robie, J.



We concur:



/s/
Nicholson, Acting P. J.



/s/
Renner, J.



10