Filed 7/28/16  P. v. Robbins CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261609 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA133510) |
| v. | |
| ROBERT ROBBINS, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles. Ronald V. Skyers, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Robert Robbins, Jr., appeals from a judgment of the superior court sentencing him to 16 years in state prison after a jury convicted him of two drug-related counts. Defendant argues the trial court (1) violated his Fifth Amendment right to due process and his Sixth Amendment right to counsel when it denied his motion for a *Marsden*[1] hearing prior to imposing sentence; (2) abused its discretion by imposing the upper term of five years for one of his counts and not stating the reasons for doing so on the record; and (3) prejudicially erred by giving a flight instruction. We agree the trial court erred in denying his *Marsden* motion without a hearing. Although we also agree the trial court erred in failing to state its reasons for sentencing on the record, defendant forfeited any argument on appeal about sentencing because he failed to object below to the imposition of the sentence. We disagree that the court's flight instruction prejudiced defendant. We remand to the trial court to conduct a *Marsden* hearing. We affirm defendant's conviction in all other respects.

## BACKGROUND

On May 27, 2014, the Los Angeles Police Department (LAPD) was conducting a "buy-bust" narcotics operation in Watts's Nickerson Gardens housing projects. LAPD selected Nickerson Gardens, an area well-known for drugs and dominated by the Bounty Hunter Bloods gang, because it had received complaints that narcotics sales were occurring there. After observing patterns of foot traffic in the area and concluding narcotics sales were, in fact, likely occurring, LAPD equipped a nonconfidential informant (NCI) with an audio and video recorder and supplied her with a marked $10 bill to purchase narcotics. Defendant was in the area, sitting shirtless in a chair counting a large pile of money on his lap. The NCI approached defendant after another purchaser pointed her in his direction to obtain narcotics. After a brief conversation, the NCI tried handing defendant the marked $10 bill. Defendant would not take the bill, but nodded his head in the direction of two other individuals, Raymond Shipp and Latassha Cox, and

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

said, "over there." The NCI walked in the indicated direction, placed the marked bill into Cox's outstretched hand, and selected a rock of crack cocaine from Shipp from a small green container. Cox then walked to defendant and handed him the marked bill. Defendant walked into a nearby residential unit while the NCI was returning to LAPD with the cocaine.

After the NCI was safe, LAPD apprehended Cox and Shipp. It decided not to pursue defendant, however, because it lacked the resources to safely enter the residential unit defendant entered. LAPD recovered two green pill containers holding approximately 18 off-white substances in total from a hole in the ground Shipp had been covering with his foot. LAPD estimated the substances had a street value of roughly $200. About a week after the operation, on June 3, 2014, LAPD successfully arrested defendant in the same area of the buy. Defendant had $1,300 in small denominations on his person at the time, even though he represented to officers he was unemployed.

On July 23, 2014, the district attorney's office filed an information charging defendant with violating Health and Safety Code section 11352, subdivision (a), the sale, transportation, or offer to sell a controlled substance (count 1), and section 11351, possession for sale of a controlled substance (count 2). The information also alleged a gang enhancement as to both counts (Pen. Code, § 186.22, subd. (b)(1)(A)) and two prior convictions for the sale of narcotics. The information further alleged defendant had two prior strikes, four prior felony convictions, and had not remained free of prison custody for a period of five years at the conclusion of each term.

At trial, two LAPD detectives who participated in the "buy-bust" testified that in their experience, it is common in Nickerson Gardens drug transactions for one person called a "cabbie" to look for potential buyers and then direct them to other individuals who will accept cash in exchange for drugs kept nearby in small quantities. Drug dealers structure transactions this way to prevent any one person from singularly arranging the deal, holding and distributing the narcotics, and receiving the money. This type of multilayered operation theoretically makes such cases more difficult to prosecute because

3

each player can plausibly deny he or she was possessing a large quantity of drugs for sale.

At the conclusion of the trial, the court instructed the jury on flight using CALCRIM No. 372 over the objection of defendant's counsel. The jury found defendant guilty of both counts. The judge declared a mistrial as to the gang enhancement and dismissed it. Before sentencing, defendant's trial counsel informed the court defendant requested a *Marsden* hearing, but the court denied defendant's request. Appellant admitted his prior convictions, and the court struck the older of the two. The court then sentenced defendant to 16 years in state prison. Defendant appealed.

## DISCUSSION

On appeal, defendant argues the court erred in (1) not conducing a *Marsden* hearing, (2) imposing the upper term for count 1, and (3) instructing the jury on flight.

### A.     The trial court erred in denying defendant a *Mardsen* hearing

"[A]t any time during criminal proceedings, if a defendant requests substitute counsel, the trial court is obligated, pursuant to . . . *Marsden*, to give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney." (*People v. Sanchez* (2011) 53 Cal.4th 80, 90, citing *Marsden*, *supra*, 2 Cal.3d at pp. 123–125.) The phrase "during criminal proceedings" includes any time postconviction, prior to sentencing. (*People v. Winbush* (1988) 205 Cal.App.3d 987, 989, 991.) "*Marsden* error is typically treated as prejudicial per se. (*People v. Hill* [(1983) 148 Cal.App.3d 744, 755].) The failure of a trial court to listen to defendant's reasons for wanting the replacement of appointed counsel must be remedied at the trial court level. An appellate court cannot speculate upon the basis of a silent record that the trial court, after listening to defendant's reasons, would decide the appointment of new counsel was unnecessary." (*Winbush*, at p. 991.) Reversal and remand for *Marsden* error, however, "does not require an automatic retrial," and if "the inquiry does not disclose a colorable claim, the motion for new trial may be denied and the judgment reinstated." (*Id*. at p. 992.)

Defendant argues, and the People agree, that the court erred in not holding a *Marsden* hearing after defendant's trial counsel informed the court defendant had

4

requested such a hearing prior to sentencing. We agree and remand the matter to the trial court for a *Marsden* hearing.

## B. Defendant forfeited his sentencing objections

Defendant argues the trial court not only erred in imposing the upper term for count 1, but also erred in not stating its reasons for doing so on the record according to California Rules of Court, rule 4.420(e), which requires that the "reasons for selecting one of the three authorized prison terms referred to in [Penal Code] section 1170(b) must be stated orally on the record."

The People agree the court erred in not stating its reasons but argue defendant forfeited challenging the sentencing errors on appeal because defendant's trial counsel did not object to the errors during the sentencing hearing. The People contend defendant's prehearing sentencing memorandum was insufficient to raise an objection. We agree. The California Supreme Court has held that such a failure to object below waives the argument on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) This is because "counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid*.) By adopting this rule the court hoped "to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Ibid*.)

## C. The trial court did not prejudice defendant in giving a flight instruction

We review whether the court erroneously instructed the jury on flight under the harmless error standard. (*People v. Watson* (1977) 75 Cal.App.3d 384, 403.) Erroneous instruction is harmless when it is not "reasonably probable that a result more favorable to defendant would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 837.) Defendant argues the court's flight instruction was erroneous and prejudiced him. More specifically, defendant argues the instruction was erroneous because there was no evidence he fled and the prosecutor did not rely on flight evidence to prove his guilt; he argues he was prejudiced by this error because the flight

5

instruction made the jury more likely to consider facts not before it, i.e., facts relating to whether his entry into the residential unit was motivated by guilt.

Even if the court erroneously instructed the jury, the error was harmless because other strong evidence supported the jury's verdict. (*People v. Cole* (2004) 33 Cal.4th 1158, 1223 [" ' "[A]t worst, there was no evidence to support the instruction and . . . it was superfluous. [E]vidence of defendant's guilt was strong. Under the circumstances, reversal on such a minor, tangential point is not warranted." ' "].) Inculpating evidence included: In an area well-known for narcotics activity, defendant assisted the NCI in her search for drugs by indicating she could purchase illicit substances from two individuals; those two individuals indeed sold her cocaine; after the sale, one of the individuals immediately took her cash to defendant, which he accepted; after he accepted the cash, he left the scene; when defendant was arrested, he had $1,300 in mostly small bills on his person, even though he represented to law enforcement he was unemployed; and LAPD detectives familiar with narcotics sales in the area testified that the transaction structure was common and designed to mitigate each participant's exposure to culpability. This evidence was strong, and any erroneous instruction was therefore harmless. Harmless error is not cause for reversal under the California Constitution, article VI, section 13. (Cal. Const., art. VI, § 13 ["No judgment shall be set aside, or new trial granted, in any cause, on the ground of . . . any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a *miscarriage of justice*," italics added].)

## DISPOSITION

The matter is remanded to the trial court with directions to conduct a *Marsden* hearing.  If the *Marsden* motion is granted, the court shall hold a new sentencing hearing. If the *Marsden* motion is not granted, the judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.