Filed 8/31/16  P. v. Washington CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WASHINGTON,<br><br>    Defendant and Appellant. | C078617<br><br>(Super. Ct. No. 14F00282) |

A jury found defendant James Washington guilty of kidnapping and corporal injury to a spouse and the trial court sentenced him to 22 years in state prison.  On appeal, defendant contends the trial court erred in failing to hold a confidential hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), when defendant asked for a new attorney.  The People agree the trial court erred but contend the error was harmless.  We conclude the trial court committed prejudicial error in failing to hold a *Marsden* hearing and reverse the judgment accordingly.

1

# I. BACKGROUND[1]

The People charged defendant with kidnapping, making criminal threats, and inflicting corporal injury on a spouse (domestic violence). The People further alleged defendant was previously convicted of a strike offense and a serious felony and previously served a term in prison. A jury later convicted defendant of kidnapping and domestic violence, and the trial court found true the enhancement allegations.

Prior to sentencing, defendant asked the trial court for a continuance because he was considering moving for a new trial and wanted the reporter's transcript of the trial. The trial court refused to continue the matter "for any significant period of time." The court advised defendant, "It was a short trial. I don't think that there were any issues, quite candidly." The court nevertheless agreed to a brief continuance to allow defendant to discuss further with counsel "whether any grounds exist[ed] . . . which one can obtain a new trial."

The following exchange then took place:

"THE DEFENDANT: If I was to file a motion for new trial under ineffective assistance of counsel, then would that be different? That's what I was going for as well so—

"THE COURT: In terms of ineffective assistance of counsel, your attorney, A, is an amazingly experienced attorney, who, B, didn't have a whole lot to work with, other than cross-examination of witnesses who in some instances were law enforcement, and addressed those issues appropriately. And in some instances, with civilian witnesses with absolutely no prior knowledge of you . . . . [¶]

"I'm not sure exactly what I anticipate an attorney should do with that sort of— faced with that sort of a factual scenario.

---

[1] The facts surrounding defendant's crimes are not relevant to the issue on appeal. Accordingly, we do not include them in this opinion.

"But what are you asking me to do?

"THE DEFENDANT: If I can be appointed new counsel. And that's why I asked from [*sic*] the transcripts from the trial, as that way, my new counsel can go through and see and view them to view all the transcripts on ineffective assistance of counsel.

"THE COURT: I will tell you what I will do, I'm not going to appoint new counsel at this point. I don't think ineffective assistance of counsel is a road that is appropriately hoed based on my own observations during the trial."

The trial court went on to say defendant's trial counsel was "an exceptional attorney," who did "an excellent job." The court observed that counsel did the best he could with "the hand that he was dealt." The court then continued the matter to allow defendant to bring a motion for new trial.

Following another short continuance, the trial court heard defendant's motion for a new trial based on newly discovered evidence. The trial court heard argument from counsel and reviewed witness statements obtained by defendant's counsel. The trial court found the evidence submitted was not new and denied defendant's motion. The issue of effective counsel was not raised. The trial court then sentenced defendant to an aggregate term of 22 years in state prison.

## II. DISCUSSION

Defendant contends the trial court's failure to conduct a *Marsden* hearing was prejudicial error that requires the judgment be reversed. The People agree the court erred, but argue the error was harmless beyond a reasonable doubt. Defendant has the better argument.

"[A]t any time during criminal proceedings, if a defendant requests substitute counsel, the trial court is obligated . . . to give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney." (*People v. Sanchez* (2011) 53 Cal.4th 80, 90.)

3

Here, defendant made it clear he wanted new counsel because he believed he may have received ineffective counsel at trial and he wanted another attorney to review the matter. In response to defendant's request, the trial court told him that counsel's conduct in the courtroom during trial was "excellent" and made no inquiry into the basis for defendant's request for new counsel. As a result, defendant was deprived of a meaningful hearing on his *Marsden* motion. (See *People v. Winbush* (1988) 205 Cal.App.3d 987, 991 [once the request for new counsel is made, trial court is required to "fully explore with defendant" the reasons for wanting new counsel].)

That it appeared to the trial court that defendant's counsel performed adequately in the courtroom does not satisfy its obligation to allow defendant to completely state why he believed his attorney should be replaced, given that his responses may have been based on events that occurred outside the courtroom. (See *People v. Reed* (2010) 183 Cal.App.4th 1137, 1149, fn. 15 (*Reed*).) And, unlike the circumstances in *People v. Washington* (1994) 27 Cal.App.4th 940 (*Washington*), where the defendant's claim for ineffective counsel was fully vetted in a motion for new trial, here the record is silent on defendant's claim. (*Id.* at pp. 942-943; see also *Reed, supra*, at pp. 1148-1149 [discussing *Washington*].) Thus, we cannot determine whether the error was harmless.

Similarly, in *People v. Mack* (1995) 38 Cal.App.4th 1484, the appellate court found the trial court's failure to hold a *Marsden* hearing was harmless error because "[t]he issue of trial counsel's alleged incompetence [had] been thoroughly addressed by appellate counsel both in the direct appeal and in a collateral writ." (*Id.* at p. 1488.) Again, the defendant's claim of ineffective counsel was thoroughly explored. That is not the case here.

Here, the trial court never inquired into the basis for defendant's request for a new attorney. Defendant's motion for a new trial was based on new evidence, not a claim of ineffective counsel. And, defendant's appellant attorney has not raised the issue of trial counsel's effectiveness either on this direct appeal or in a collateral writ. As a result,

4

other than the trial court's opinion that counsel was effective in the courtroom, the record is silent on trial counsel's effectiveness.  It is thus impossible to determine whether further inquiry, particularly into matters not in the record, would have resulted in the appointment of new counsel and thus whether the trial court's error was harmless.  (See *Reed, supra*, 183 Cal.App.4th at pp. 1148-1149.)  Accordingly, the judgment must be reversed.

"Although this case requires reversal of the judgment, it does not require an automatic retrial.  [Citation.]  The appropriate course of action is to remand to the trial court to allow it to fully inquire into appellant's allegations concerning counsel's performance.  Following the inquiry, if the trial court determines that defendant has presented a colorable claim of ineffective assistance, then the court must appoint new counsel to fully investigate and present the motion for new trial.  If, on the other hand, the inquiry does not disclose a colorable claim, the motion for new trial may be denied and the judgment reinstated." (*People v. Winbush, supra*, 205 Cal.App.3d at p. 992; see also *People v. Kelley* (1997) 52 Cal.App.4th 568, 580.)

### III. DISPOSITION

The judgment is reversed and remanded for the limited purpose of holding a hearing on defendant's *Marsden* motion. If defendant makes a prima facie showing of ineffective assistance of counsel, the trial court is to appoint new counsel for the purpose of bringing a motion for new trial. If defendant fails to make a prima facie showing of ineffective assistance of counsel, the trial court is to reinstate the judgment.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

HOCH, J.

6