Filed 3/1/21  P. v. Bigger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C089748 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F7276) |
| v. | |
| JOSEPH RILEY BIGGER, | |
| Defendant and Appellant. | |

A jury found defendant Joseph Riley Bigger guilty of 14 counts of molesting his daughter.  The court sentenced defendant to 44 years in prison and ordered him to pay statutory fines, fees, and assessments.  Defendant contends the trial court erred by failing to hold a hearing on his right to substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) when defendant complained of his counsel's purported deficiencies.  Defendant further contends the court violated his constitutional right to due process by imposing fines and fees without first inquiring into his ability to pay, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We conclude that (1) the

1

trial court had no duty to hold a hearing on defendant's right to substitute counsel under *Marsden* because defendant did not clearly indicate he wanted substitute counsel and (2) defendant forfeited his *Dueñas* argument by failing to object in the trial court. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited nature of the claims on appeal, we need not recite the facts of defendant's crimes in any detail. It suffices to say a jury convicted defendant of regularly sexually abusing his 12-year-old daughter from August 2017 to February 2018.

Prior to the sentencing hearing, defendant submitted a 12-page letter to the trial court in which he maintains his innocence and expresses his "concern for the mental and physical well being" of his three children. The letter also sets forth a variety of evidence that he contends should have been presented at trial. Defendant states in his letter, "I do believe if my council [*sic*] would have presented the issues . . . at trial then things would have been at least seen differently." The letter concludes, "So I plead with you to investigate and evaluate what I have presented in this report so as to find a proper way to handle the welfare of my 3 kids."

At the sentencing hearing, the judge stated that he had read defendant's letter in full and asked if defendant had anything to add beyond what was written in the letter. Defendant responded there was "a lot" that he "need[ed] to address now" and then stated again that he was wrongfully convicted and that he wrote the letter out of concern for his children. He then again noted the evidence he contends should have been presented at trial and complained that he was a "guinea pig" for his purportedly inexperienced counsel. At that point, the judge interrupted defendant because he was not addressing the issues of sentencing, and he explained that many defendants are unhappy with their counsel after a conviction. Defendant tried again to speak, but the judge warned him to be quiet, and reminded defendant that he had received the opportunity to be represented by two counsel. Defendant responded that both were "defective." The judge instructed

2

defendant again to be quiet and threatened to remove him from the courtroom if he continued interrupting. Defendant apologized and the judge then heard both counsels' arguments regarding sentencing and sentenced defendant.

## DISCUSSION

### I

### *Marsden* Hearing

Defendant argues the trial court was required to conduct a *Marsden* hearing into his complaints of ineffective assistance of counsel, and, if founded, provide him with new counsel. He contends the court erroneously cut him off before he had the opportunity to make the request or otherwise air all of his grievances regarding his counsel's performance. He asserts the error was not harmless because the court's interruptions precluded defendant from making a complete record of his complaints of ineffective assistance of counsel. We are not persuaded.

In *Marsden*, our Supreme Court held that when a defendant requests new counsel based on counsel's perceived deficiencies, the court must allow the defendant to fully explain the basis for the request, including all specific examples, such that the court can determine whether the defendant is receiving effective assistance of counsel. (*Marsden, supra*, 2 Cal.3d at pp. 123-126.)

But a trial court's obligations under *Marsden* arise only if the defendant clearly indicates he wants substitute counsel. "Although no formal motion is necessary, there must be 'at least some clear indication by defendant that he [or she] wants a substitute attorney.' [Citation.]" (*People v. Mendoza* (2000) 24 Cal.4th 130, 157.) " 'The mere fact that there appears to be a difference of opinion between a defendant and his [or her] attorney over trial tactics does not place a court under a duty to hold a *Marsden* hearing.' [Citation.]" (*People v. Valdez* (2004) 32 Cal.4th 73, 97.)

Here, defendant did not clearly indicate he desired substitute counsel. Thus, there was no obligation for the trial court to hold a *Marsden* hearing. The facts here are

3

analogous to *People v. Richardson* (2009) 171 Cal.App.4th 479 (*Richardson*), in which the defendant was convicted by a jury and subsequently submitted letters to the court complaining of his attorney's efficacy at trial. (*Id.* at p. 485.) At the sentencing hearing, the court acknowledged receipt of the letters, found there was no basis to grant a new trial, and sentenced the defendant. (*Id.* at pp. 483-484.) On appeal, the defendant argued that the letters triggered the court's duty to conduct a *Marsden* hearing, but we disagreed, reasoning that "[n]ot only do the letters not mention a desire to obtain substitute counsel, defendant also failed to make any such desire known during his colloquy with the court or at any other time during any of the hearings." (*Richardson,* at p. 485.)

Here, although the court did cut defendant off during the sentencing hearing, the court, as with *Richardson*, had already given defendant the opportunity through his letter and at the sentencing hearing to ask for new counsel. However, defendant made no such request, nor did he indicate such intent. Thus, the trial court was not obligated to hold a *Marsden* hearing. (See *People v. Clark* (1992) 3 Cal.4th 41, 102-105 [no duty to conduct a *Marsden* hearing where defendant complained about his counsel's abilities during jury voir dire]; *People v. Gonzalez* (2012) 210 Cal.App.4th 724, 741 [no duty to conduct a *Marsden* hearing where defendant requested to represent himself because he believed his counsel was deficient].)[1]

## II

### *Dueñas*

Defendant next contends the trial court erroneously imposed fines and fees without determining whether he had the ability to pay them, in contravention of *Dueñas*. Specifically, the trial court imposed a $4,200 restitution fine (Pen. Code, § 1202.4), a

---

[1] The cases relied on by defendant are inapposite because the defendants in those cases expressly requested new counsel. (See, e.g., *People v. Armijo* (2017) 10 Cal.App.5th 1171; *People v. Winbush* (1988) 205 Cal.App.3d 987.)

4

$4,200 parole revocation fine (Pen. Code, § 1202.45), a $420 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)), and a $520 court security fee (Pen. Code, § 1465.8). Defense counsel did not object based on defendant's ability to pay, or otherwise.

In *Dueñas*, our colleagues at the Second Appellate District held that due process prohibits the imposition of a criminal fine or fee in the absence of a hearing on the defendant's ability to pay. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160, 1164-1172.) Reactions to the new constitutional principle articulated in *Dueñas* have been mixed. Although many courts have followed its reasoning, others have distinguished (see *People v. Caceres* (2019) 39 Cal.App.5th 917, 924-929) or disagreed with the opinion (see *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1068).

The issues raised in *Dueñas* are currently pending resolution by our Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844 (*Kopp*).[2] In light of the foregoing, defendant does not expressly request any remedy at this time, but rather "preserves this issue pending resolution of these questions by the state high court in *Kopp*."

In response, the People argue that defendant forfeited this contention by failing to raise it with the trial court. *Dueñas* was decided on January 8, 2019. Defendant was sentenced on June 10, 2019.

---

[2] In *Kopp*, the California Supreme Court has granted review on the issue of whether a trial court must "consider a defendant's ability to pay before imposing or executing fines, fees, and assessments," and if so, "which party bears the burden of proof regarding defendant's inability to pay." (*Kopp, supra*, 38 Cal.App.5th 47, [order granting review Nov. 13, 2019, S257844] review granted.)

Defendant cannot contend that there was an unforeseen change in the law because he was sentenced after *Dueñas.* (See, e.g., *People v. Johnson* (2019) 35 Cal.App.5th 134, 138.) Thus, the general rule of forfeiture applies. (See generally *People v. Scott* (1994) 9 Cal.4th 331, 353.)

## DISPOSITION

The judgment is affirmed.

 

                                          /s/

                                          HOCH, J.

 

We concur:

 

/s/

RAYE, P. J.

 

/s/

RENNER, J.